# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM JOHN BARBER,<br><br>    Defendant. | No. CR01-3064-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

_____

**TABLE OF CONTENTS**

*I.* *INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.* *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
  *A.* *Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . 3
  *B.* *Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . 6
    *1.* *Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . 6
    *2.* *Claims of ineffective assistance at issue here* . . . . . . . . . . . 8
      *a.* *Jurisdiction over offense* . . . . . . . . . . . . . . . . 8
      *b.* *Advising guilty plea to § 844(h)(1) offense* . . . . . . . 9
      *c.* *Alternatives to pleading guilty* . . . . . . . . . . . . . 12
      *d.* *Investigating viable defenses* . . . . . . . . . . . . . . 14
  *C.* *Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 15

*III.* *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I. INTRODUCTION AND BACKGROUND

In a four-count indictment returned on December 18, 2002, defendant William John Barber is charged with maliciously damaging, or attempting to damage, by means of a fire, a building used in or affecting interstate commerce, in violation of 18 U.S.C. § 844(i), mail fraud, in violation of 18 U.S.C. § 1341, and use of fire in the commission of a felony, in violation of 18 U.S.C. § 844(h)(1). On May 22, 2002, pursuant to a written 11(e)(1)(c) plea agreement, defendant appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 4 of the indictment. On May 22, 2002, Judge Zoss filed a Report and Recommendation in which he recommended that defendant's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The court accepted Judge Zoss's Report and Recommendation and accepted defendant Barber's plea of guilty in this case to Count 4 of the indictment. Defendant Barber was sentenced to 120 months imprisonment, as mandated by statute, three years supervised release and $204,268.79 in restitution. *See* 18 U.S.C. § 844(h)(1) (whoever uses fire to commit any felony which may be prosecuted in federal court "shall . . . be sentenced to imprisonment for 10 years").

Defendant Barber then filed a timely appeal of his sentence. On appeal, defendant Barber raised the issues of whether there was a factual basis at the plea hearing to establish a section 844(h)(1) offense, whether the statutorily mandated 10-year sentence constitutes cruel and unusual punishment, and whether his counsel was ineffective. *See United States v. Barber*, 68 Fed. Appx. 748, 749 (8th Cir.), *cert denied*, 124 S. Ct. 590 (2003). Defendant Barber's appeal was denied. *See id*. at 750.

Pursuant to 28 U.S.C. § 2255, defendant Barber filed his Motion To Vacate, Set Aside Or Correct Sentence which is presently before the court. Defendant Barber raises

the following claims in his original § 2255 motion: (1) that his counsel was ineffective in failing to properly investigate the case; (2) that the court was without jurisdiction because the crime of arson has insufficient impact on interstate commerce; and, (3) that his counsel was ineffective for overstating the risks of trial to defendant Barber and, as a result, defendant Barber's guilty plea was not knowingly and voluntarily made. Defendant Barber then sought, and was granted, permission to file a supplement to his § 2255 motion in which he raised the following additional issue: (4) that his counsel was ineffective for failing to challenge the court's jurisdiction because defendant Barber was not convicted of a predicate offense to the § 844(h) charge.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the

Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1346 (2006). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*,

4

523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Davis*, 506 F.3d 461, 463 (8th Cir. 2007) ("We review the district court's denial of § 2255 relief de novo.") and *United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'"), *cert. denied*, 126 S. Ct. 2341 (2006) (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

## B. Ineffective Assistance Of Counsel

The underlying merits of defendant Barber's claims lie in whether defendant Barber can demonstrate ineffective assistance of his counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, the court will address defendant Barber's specific claims after briefly reviewing the standards for a claim of ineffective assistance of counsel.

### 1. Applicable standards

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *Ledezma-Rodriguez*, 423 F.3d at 836 (quoting *Saunders v. United States*, 236

F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong,

7

the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)). The court will now consider defendant Barber's specific claims of ineffective assistance of counsel.

### 2. *Claims of ineffective assistance at issue here*

### a. *Jurisdiction over offense*

Defendant Barber contends that the "Act of Arson in this Case Did Not Have A Substantial Affect on Interstate Commerce, Leaving the District Court Without Jurisdiction in this Matter." Mot. at 4. Because defendant Barber could have raised this issue on direct appeal, but did not do so, it is procedurally barred unless he can show either cause and actual prejudice, or that he is actually innocent. *Bousley*, 523 U.S. at 622; *Johnson*, 278 F.3d at 844. Here, reading defendant Barber's § 2255 motion liberally, defendant Barber is asserting the cause and prejudice that must be shown to resuscitate this procedurally defaulted claim is met by the ineffective assistance of his appellate counsel.

The flaw in defendant Barber's argument on this point is that he pleaded guilty to Count 4 of the indictment, use of fire in the commission of a felony, in violation of 18 U.S.C. § 844(h)(1), and not to the arson charge contained in Count 1, maliciously

damaging, or attempting to damage, by means of a fire, a building used in or affecting interstate commerce, in violation of 18 U.S.C. § 844(i). The underlying felony in Count 4 in this case was mail fraud. *See* Transcript of Plea at 18-21, 24-25. The significance of this fact is that "section 844(h), which is independent of section 844(i), contains no requirement that any property have any connection to interstate commerce." *United States v. Pappadopoulos*, 64 F.3d 522, 528 (9th Cir. 1995); *United States v. Karlic*, 997 F.2d 564, 571 (9th Cir. 1993) ("Section 844(i) requires proof of damaging or attempting to damage 'property used in interstate or foreign commerce or in any activity affecting interstate commerce,' an element not required by § 844(h)."). Section 844(h) does not exceed Congress's commerce authority because it requires merely that the underlying felony itself be one that can be prosecuted "in a court of the United States." *Pappadopoulos*, 64 F.3d at 528. In this case, the crime underlying defendant Barber's conviction under section 844(h)(1) was mail fraud, in violation of 18 U.S.C. § 1341. Thus, the court concludes that it did not lack jurisdiction over the charge to which defendant Barber pleaded guilty. Accordingly, defendant Barber's appellate counsel's decision to not raise this issue on direct appeal was clearly not prejudicial to defendant Barber. Therefore, this portion of defendant Barber's § 2255 motion is denied.

### b. *Advising guilty plea to § 844(h)(1) offense*

Defendant Barber also contends that his counsel was ineffective in advising him to plead guilty to the § 844(h)(1) offense alleged in Count 4. Defendant Barber asserts that § 844(h)(1) is merely a penalty statute and that the court lacked jurisdiction over him because he was not convicted of the underlying felony-mail fraud.

The court notes that courts have held that a conviction of the underlying felony is not necessary to secure a conviction under § 844(h)(1). *See United States v. Nguyen*, 28 F.3d 477, 480-81 (5th Cir. 1994). To secure a conviction under section 844(h)(1), the

9

prosecution must prove that the defendant (1) used fire (2) to commit a "felony which may be prosecuted in a court of the United States." 18 U.S.C. § 844(h)(1); *see United States v. Ihmoud*, 454 F.3d 887, 892 (8th Cir. 2006). To establish the essential elements of section 1341 mail fraud, the prosecution must show that:

> the defendant "(1) voluntarily and intentionally devised or participated in a scheme to defraud; (2) entered into the scheme with intent to defraud; (3) knew that it was reasonably foreseeable that the mails would be used; and (4) used the mails in furtherance of the scheme."

*United States v. Onwumere*, 530 F.3d 651, 653 (8th Cir. 2008) (quoting *United States v. Johnson*, 463 F.3d 803, 807 (8th Cir. 2006)).

Here, defendant Barber stipulated to the following facts in his written plea agreement:

> A. On or about December 31, 2000, in the city of Manson, in the Northern District of Iowa, the defendant, William John Barber, knowing and intentionally aided and abetted in damaging and destroying by fire a commercial building which contained three businesses, including, a Pizza Ranch restaurant, Pioneer Transfer, and Buffalo Farm Equipment. The defendant did so by counseling, commanding, inducing and procuring the burning of the building by John Ragsdale.
>
> B. The building containing the Pizza Ranch restaurant, a franchise, was located at 1029 Main Street, Manson, Calhoun County, Iowa. The defendant owned the building and carried insurance coverage worth $500,000, through IMT Insurance Company of Des Moines, Iowa.
>
> C. In about December of 2000, the defendant and John Ragsdale, devised a scheme to defraud the IMT Insurance Company and obtain money by means of false and fraudulent pretenses. As part of the scheme to defraud the insurance

company, the defendant agreed to pay John Ragsdale $100,000 for setting fire to the Pizza Ranch building. Payment was to be made to Ragsdale after the defendant was paid on the $500,000 insurance claim.

D. As part of the scheme, the defendant provided instructions and photographs via the United States mail, to John Ragsdale who was living in Georgia, detailing the directions as to how the defendant wanted Ragsdale to set fire to the Pizza Ranch building. At the defendant's direction, John Ragsdale, flew by commercial airline to Des Moines, Iowa, where he rented a car and drove to the defendant's home in the Northern District of Iowa. The defendant left a key to the Pizza Ranch building in his mailbox to be retrieved by Ragsdale.

E. At the defendant's direction, John Ragsdale, drove to Manson, Iowa, used the key to enter the Pizza Ranch building, and subsequently set fire to the building using the cans of gasoline left there by the defendant, in accordance with the plans and directions sent to Ragsdale in the mail.

F. After the building and the three businesses within were damaged or destroyed by fire, the defendant mailed or caused to be delivered by mail, an insurance claim addressed to IMT Insurance, Attn: Chris Owenson, P.O. Box 1336, Des Moines, Iowa 50305-1336, which contained a sworn statement and proof of loss signed by the defendant. The defendant mailed the insurance claim in an attempt to unlawfully defraud IMT Insurance Company of $500,000 based on the damage caused by the fire. The claim was mailed on March 21, 2001.

Plea Agreement at ¶ 19(A)-(F).

During his plea colloquy, the court reviewed with defendant Barber each of the facts contained in his plea agreement. Plea Tr. at 18-21. Defendant Barber admitted that the

facts contained in paragraphs 19(A),(B),(E) and (F) of the plea agreement were correct. With respect to paragraph 19(C), defendant Barber made the following modification:

> Actually, the – the conversation was carried on in '99, not 2000, and the agreement to pay John Ragsdale $100,000 is incorrect as well. We were going to use the settlement money to start a business, and no cash was going to exchange hands.

Plea Tr. at 19. Similarly, with respect to the facts contained in paragraph 19(D), defendant Barber made the following correction:

> In the conversation that we had in October or November '99, Mr. Ragsdale was given his own key at that time and no key was left for him.

Plea Tr. at 20.

Given this factual stipulation, the court concludes that there was sufficient evidence to support finding that defendant Barber used the mail to execute a scheme to defraud IMT Insurance following the arson of his business, which thus supports defendant Barber's conviction for use of fire to commit a federal felony. Accordingly, the court concludes that defendant Barber's counsel was not ineffective in advising him to plead guilty to the § 844(h)(1) offense alleged in Count 4. Therefore, this portion of defendant Barber's § 2255 motion is also denied.

### c. *Alternatives to pleading guilty*

Defendant Barber further contends that his counsel was ineffective in failing to present an alternative to pleading guilty, thus rendering his guilty plea unknowing and involuntary. The record belies such a claim. The following colloquy occurred between defendant and Judge Zoss at defendant Barber's plea hearing:

> THE COURT: Is your decision to plead guilty voluntary?
>
> THE DEFENDANT: Yes.

| | | |
|---|---|---|
| THE COURT: | | Other than the promises contained in the plea agreement, have any other promises been made to you? |
| THE DEFENDANT: | | No. |
| THE COURT: | | Anybody promise you what your sentence will be, other than the Rule 11 – excuse me– 11(e)(1)(c) provision for ten years that--any other promises concerning your sentencing other than that? |
| THE DEFENDANT: | | No. |
| THE COURT: | | Did anybody threaten you, force you or pressure you to get you to plead guilty? |
| THE DEFENDANT: | | No. |

Plea Tr. at 39-40.

Although defendant Barber asserts that his counsel induced him to plead guilty by informing him that he faced, at minimum, a fifteen year period of incarceration if convicted of the pending charge and that he had no viable defense to the charge, the court cannot conclude that defendant Barber's counsel's assessment of his case was so flawed as to constitute ineffective assistance of counsel. If he had proceeded to trial, defendant Barber was facing four closely related charges, all stemming from the arson of defendant Barber's business. Because § 844(h)(1) requires a 120 month sentence consecutive to any other sentence imposed, if convicted of all four charges, defendant Barber was facing a substantially longer sentence of incarceration than the minimum mandatory sentence of ten years called for in § 844(h)(1). Thus, defendant Barber's counsel's assessment of the term of imprisonment facing defendant Barber was correct. Prior to the time of defendant

13

Barber's guilty plea, the prosecution had obtained compelling evidence of his crime. John Ragsdale's cellular telephone had been found in the alley outside defendant Barber's burning business. Upon subsequently interviewing Ragsdale, he had confessed to being hired by defendant Barber to burn down his business. Ragsdale provided to law enforcement authorities a letter and photographs he purportedly received from defendant Barber which detailed plans for Ragsdale to use in burning down Barber's business. The following day, Ragsdale placed a telephone call to defendant Barber which was recorded. During this conversation and a subsequent conversation between Barber and Ragsdale, Barber made incriminating statements. Given this record, the court concludes that defendant Barber's counsel was not ineffective in failing to present an alternative to pleading guilty. Therefore, this portion of defendant Barber's § 2255 motion is also denied.

### d. *Investigating viable defenses*

Defendant Barber also contends that his counsel was ineffective in failing to investigate and failing to pursue defendant Barber's claims of actual innocence. To demonstrate "prejudice" in the context of a claim of failure to investigate, the defendant cannot rely on general allegations of what a proper or reasonable investigation would have revealed, but must show specifically what would have been revealed by further investigation and how the further evidence would have made a different outcome to the trial a reasonable probability. *See, e.g., Palmer v. Clarke*, 408 F.3d 423, 445 (8th Cir. 2005) (the defendant could not show "prejudice," because he failed to demonstrate specifically what further evidence would have been uncovered and how it would have affected the outcome of the trial, and instead, rested on "general allegations," which the court held were insufficient); *Nooner v. Norris*, 402 F.3d 801, 810 (8th Cir. 2005) (the movant failed to demonstrate "prejudice" on his claim of failure to investigate, because the

movant failed to identify what evidence of "psychiatric and mental problems" was not presented to the jury, and the movant offered no additional details).

Defendant Barber has not made the necessary showing on the "prejudice" prong. He has no more than speculation to support his contention that more diligent investigation on the part of his counsel would have made a different outcome likely.[1] Thus, the court cannot say that, but for the "deficient" conduct of counsel, if any, that defendant Barber has shown either what specific evidence would have made a difference or that a different outcome to the trial in light of that evidence was a reasonable probability. *See, e.g., Palmer*, 408 F.3d at 445. Thus, this claim also fails on the "prejudice" prong. Therefore, this portion of defendant Barber's § 2255 motion is also denied.

### C. Certificate Of Appealability

Defendant Barber must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims

---

[1] For instance, it is unclear how the finding of a gasoline receipt defendant Barber has located would have made a different outcome likely given that Ragsdale admitted to starting the fire at Barber's business.

on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that defendant Barber's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). With respect to defendant Barber's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

## III. CONCLUSION

Defendant Barber's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 8th day of October, 2008.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA