# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> WILLIAM JOHN BARBER, <br><br> Defendant. | No. CR 01-3064-MWB <br><br> **OPINION AND ORDER REGARDING DEFENDANT'S *PRO SE* MOTION FOR RECONSIDERATION** |

This case is before me on defendant William John Barber's November 21, 2017, *pro se* Motion For Reconsideration Under Rule 72 Of The Federal Rules of Civil Procedure.[1] In his Motion, Barber seeks review of Magistrate Judge Kelly K.E. Mahoney's November 7, 2017, Order, on his motions to transfer and to quash a writ of garnishment. Somewhat more specifically, Judge Mahony concluded that this case should not be transferred to the Southern District of Texas, where Barber now lives, pursuant to 28 U.S.C. § 3202(b), a provision of the Federal Debt Collection Procedures Act (FDCPA), because § 3202(b) conflicts with provisions of the Mandatory Victim Restitution Act (MVRA), and because Barber had not demonstrated hardship from this court's retention of jurisdiction. Judge Mahoney denied Barber's motion to quash the prosecution's writ of continuing garnishment against Barber's future wages, because the restitution judgment under the MVRA was not converted to a civil judgment upon the termination of Barber's supervised release, the criminal restitution judgment is not subject

---

[1] Although Barber cites Rule 72 of the Federal Rules of Civil Procedure, review of a magistrate judge's order in a criminal case is governed by Rule 59 of the Federal Rules of Criminal Procedure.

to state exemptions, and the writ of garnishment against Barber's wages in the possession of his employer is permitted by the FDCPA.

In his Motion, Barber contends that the objectives of the MVRA will not be frustrated by a transfer, because the U.S. Attorney's Office for this district has singled him out for treatment that is different from the treatment of others subject to restitution orders, including failing to negotiate with him prior to seeking the writ of garnishment, ignoring his compliance with requests for financial information, and ignoring the failure to pay by another person jointly responsible for the restitution. He also contends that maintaining this case in this jurisdiction just increases the expenses for both parties. As to his motion to quash, Barber reiterates his contention before Judge Mahoney that the FDPCA bars execution of a garnishment against wages in the possession of his employer.

A district judge must review a magistrate judge's order in a criminal case under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b). Thus, when a party objects to any portion of a magistrate judge's order, the district judge must undertake a *de novo* review of that portion.

On the other hand, any portion of a magistrate judge's order to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no

objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A district judge may elect to review a magistrate judge's order under a more-exacting standard even if no objections are filed:

> Any party who desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Here, I have conducted a de novo review of Judge Mahoney's challenged findings and conclusions, but find no legal error nor any ground to reject or modify her November 7, 2017, Order. As Judge Mahoney correctly explained, the mandatory transfer provision of the FDCPA is inconsistent with the MVRA, because the MVRA grants continuing jurisdiction to the sentencing court over its restitution order. *See* November 7, 2017, Order at 4-5. Barber has not cited, and I have not found, controlling or convincing authority contrary to that cited by Judge Mahoney. Furthermore, Barber's contention that continued litigation of the restitution issues in this district increases expenses, even if true, does not, by itself, demonstrate the "hardship" necessary to require a transfer, because he has not demonstrated that he would be forced to forego his defense. I also agree with Judge Mahoney that Barber's reliance on *United States v. Rostoff*, 966 F. Supp. 1275, 1279 (D. Mass 1997), *affirmed in relevant part, reversed and vacated in*

3

*part*, 164 F.3d 63 (1st Cir. 1999), as requiring conversion of his judgment for restitution into a civil judgment is misplaced, because *Rostoff* involved an order of restitution issued prior to the enactment of the MVRA in 1996. November 7, 2017, Order at 5-6. I also agree with Judge Mahoney's conclusion that the MVRA bars use of state exemptions, *id*. at 6, and that the FDPCA does not bar garnishment of his wages in the possession of his employer, pursuant to 28 U.S.C. § 3205(a), *id*. at 7, based on the authorities she cites and Barber's failure to cite, and my failure to find, controlling or convincing authority to the contrary.

THEREFORE, defendant William John Barber's November 21, 2017, *pro se* Motion For Reconsideration (docket no. 128) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 19th day of January, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA